UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **Debra Griesenauer,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No.: 4:14-cv-1391** |
| | **)** | |
| **Millsap and Singer, P.C.** | **)** | |
| | **)** | |
| | **)** | |
| | **)** | |
| | **)** | **JURY TRIAL DEMANDED** |
| | **)** | |
| **Defendants.** | **)** | |

## JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.      This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.      Plaintiff, Debra Griesenauer (hereinafter "Plaintiff Griesenauer" or "Plaintiff"), is a natural person who resides in the City of Foley, County of Lincoln, State of Missouri.

5.      Under 15 U.S.C. § 1692a(3) a consumer is defined as "any natural person obligated or allegedly obligated to pay any debt."

6.      Defendant Millsap and Singer, P.C. (hereinafter "Defendant") is a collection law firm incorporated under the laws of the State of Missouri. The Missouri Secretary of States records show that they are operating from a principal address of 612 Spirit Drive, St. Louis, MO 63005 and their registered agent Vernon D. Singer can be served at same.

7.      Defendant sent a foreclosure letter addressed to Plaintiff Griesenauer's ex-husband regarding Plaintiff's default on her mortgage payments making her a consumer under 15 U.S.C. § 1692a(3).

8.      The letter stated that this was "an attempt to collect a debt" and also that the payments were "more than one month in arrears," making her a consumer under 15 U.S.C. § 1692a(3).

9.      As a person affected by a violation of the FDCPA, Plaintiff Griesenauer has standing to bring this claim.

10.     Under 15 U.S.C. § 1692a(6) the term debt collector is designated as:

[A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11.     Defendants letter contains the phrase "this correspondence is an attempt to collect a debt" and therefore Defendant can be categorized as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12.     On or about April 5 2005, Plaintiff separated from her husband and moved into a residence at 565 McIntosh Hill Road, Foley, Missouri 63347 ("residence").

13.     At this time, Plaintiff's name was the only one on the residential mortgage.

14.     To fund the purchase, Plaintiff obtained financing through DAS Acquisition solely in her name.

15. Her ex-husband was never placed on the original mortgage, co-signed, applied for credit, appeared on the deed of trust, or became beholden to the mortgage in any way.

16. On or about April 19 2005, Plaintiff and her ex-husband, Gregory Griesenaur, were officially divorced finalized by a Judgment and Decree of Dissolution of Marriage.

17. Plaintiff began to process to refinance her mortgage on December 21, 2006.

18. On or about February 12, 2007, Plaintiff successfully refinanced her mortgage through JP Morgan Chase

19. Plaintiff's ex-husband was never placed on the refinanced mortgage, co-signed, applied for credit, appeared on the deed of trust, or became beholden to the mortgage in any way.

20. Plaintiff resided at that location, until May 31, 2014, separate from her ex-husband.

21. In sum, Plaintiff's ex-husband has never lived in the residence, has never made any payments towards the residence, and has never had any obligation towards either the original or refinanced mortgage.

22. Sometime before May 28, 2014, Chase Bank hired Defendant to facilitate foreclosure of Plaintiff's residence.

23. On or about May 28, 2014, Defendant addressed a letter to Plaintiff's ex-husband informing him that Plaintiff was in default of payment for the mortgage on the property and that they were foreclosing.

24. Under 15 U.S.C. § 1692a(2) "a communication means the conveying of information regarding a debt directly or indirectly to any person through any medium."

25. This letter stated that it was "an attempt to collect a debt" and is therefore a "communication" as defined by 15 U.S.C. § 1692a(2).

### *Summary*

26.     Plaintiff alleges Defendant two violations of the FDCPA by Defendant.

27.     First, that Defendant violated 15 U.S.C. §1692b(2) of the FDCPA by communicating with a third party not for the purposes of locating the consumer, by stating that the consumer owed a debt, and identifying themselves.

28.     Second, that Defendant violated 15 U.S.C. §1692c of the FDCPA by communicating with a non-permissible third party without prior consent of the debtor.

29.     As a result of the Defendant's violation of and 1692b(2) and 15 U.S.C. § 1692c Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## TRIAL BY JURY

30.     Plaintiff Griesenaur is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF 15 U.S.C. § 1692b(2) OF

## THE FAIR DEBT COLLECTION PRACTICES ACT

31.     Plaintiff Griesenaur incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     Under 15 U.S.C. §1692b a debt collector, when communicating with any person other than the consumer, for purposes in locating the consumer, may not: 1) Identify himself or 2) State that the consumer owes a date.

33.     Plaintiff Griesenaur's ex-husband is not a co-signer or beholden to the debt in any way and so is not a consumer of the debt.

34.     In fact, the letter that Defendant sent Plaintiff Griesenaur states that the Deed of Trust was executed by "a single person".

35.     There is no reason to believe that Gregory Griesenaur was a consumer of this debt.

36.     In addition, the letter that Defendant sent Plaintiff's ex-husband has no indication that they are attempting to locate the Plaintiff. No phrase to the effect of "we are attempting to locate Debra Griesenauer" is ever used.

37.     The letter also identifies themselves as Millsap and Singer.

38.     The letter also states that Plaintiff is in default of payment on the property and that payment is "one month in arrears."

39.     Finally, the letter states that Plaintiff owes a debt, and divulges highly confidential information including: her address, the date of her refinance, and details about the land.

40.     This may have disclosed sensitive information that Plaintiff Griesenaur did not wish her ex-husband to know.

41.     Defendant violated 15 U.S.C. §1692cb(2)in multiple ways including: contacting a third party not for purposes of locating the consumer, identifying themselves to that third party, and stating that Plaintiff owed a debt.

## COUNT II

## VIOLATIONS OF 15 U.S.C. § 1692c OF

## THE FAIR DEBT COLLECTION PRACTICES ACT

42.     Plaintiff Griesenaur incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.    Under 15 U.S.C. §1692c a debt collector, without prior consent of the consumer, and except under 15 U.S.C. §1692b may not communicate, in connection with the collection of the debt, with any person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.

44.    Plaintiff Griesenaur did not give Defendant any prior consent to contact other individuals.

45.    Plaintiff's ex-husband also does not fall under any of the categories permissible under 15 U.S.C. §1692c that a debt collector may contact.

46.    In addition, Defendant has already violated 15 U.S.C. §1692b and so cannot plead that exception.

47.    By communicating with Plaintiff's ex-husband, a non-permissible party, Defendant violated 15 U.S.C. §1692c.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

Respectfully submitted,

**CASTLE LAW OFFICE OF ST. LOUIS, P.C.**

By:/s/James R. Brown_____
    James R. Brown, 42100MO
    500 N. Broadway, Suite 1400
    St. Louis, MO 63102
    (314) 446-4652
    (314) 241-7889 – fax
    edmo@castlelaw.net
    Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSOURI         )
                                  ) ss
COUNTY OF ST. LOUIS      )

Pursuant to 28 U.S.C. § 1746, Plaintiff Debra Griesenaur, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _August_ _08_, _2014_
                Month     Day   Year

_____
Signature

-7-