UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **Debra Griesenauer,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  4:14-cv-1391-RLW |
| ) | |
| **Millsap and Singer, P.C.** ) | Plaintiff's 1st Amended Complaint |
| ) | |
| ) | |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff, Debra Griesenauer (hereinafter "Plaintiff Griesenauer" or "Plaintiff"), is a natural person who resides in the City of Foley, County of Lincoln, State of Missouri.

5. On or about December 21, 2006, Plaintiff signed a Note and Deed of Trust as A SINGLE PERSON to finance work to be done on her primary residence and is a "consumer" as that

term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

6. Defendant Millsap and Singer, P.C. (hereinafter "Defendant") is a collection law firm incorporated under the laws of the State of Missouri whose principal address is 612 Spirit Drive, St. Louis, MO 63005 and its registered agent Vernon D. Singer can be served at same.

7. Defendant regularly accepts accounts that are in default from mortgage clients for the purpose of attempting to collect, directly or indirectly, a debt owed to the mortgage client.

8. Defendant has a long history of sending correspondence to consumers in an effort to collect debts that are in default.

9. Defendant also has a long history of initiating non-judicial foreclosure actions to enforce security interests in property.

10. In addition to efforts to collect debts through foreclosure proceedings, as part of its principal activities, Defendant regularly initiates actions to collect defaulted debt on behalf of others through Chapter 13 bankruptcy proceedings by preparing and filing proof of claims in an attempt to collect mortgage arrearages.

11. Between the dates of April 7, 2014 and April 25, 2014, Defendant filed four such proof of claims just in the U.S. Bankruptcy Court for the Eastern District of Missouri alone claiming a total of more than $47,919.23 in mortgage arrearages including attorney fees and costs stating to the Court in documents filed that it is the attorney for the creditor.

12. Based on the foregoing, Defendants principal activities include the collection of debts for others and regularly collecting or attempting to collect, directly or indirectly, debts owed or

due or asserted to be owed or due another and therefore is a "debt collector" as that term is generally defined under 15 U.S.C. 1692a(6).

13. On or about May 28, 2014 Defendant sent a foreclosure letter addressed to Plaintiff's ex-husband regarding Plaintiff's default on her mortgage payments and pending foreclosure sale making said letter a prohibited communication with third parties under 15 U.S.C. § 1692c(B).

14. As a person affected by a violation of the FDCPA, Plaintiff Griesenauer has standing to bring this claim.

## FACTUAL ALLEGATIONS

15. On or about April 5, 2005, Plaintiff was the recipient of a General Warranty Deed for real estate located at 565 McIntosh Hill Road, Foley, MO 63347 (hereinafter "Residence") from a Troy M & Donna M. Brown.

16. On the same date, Plaintiff and her now ex-husband, Gregory J. Griesenaurer, officially separated and Plaintiff moved into the Residence.

17. On or about April 13, 2005, Plaintiff caused the General Warranty Deed to be recorded with the Lincoln County, Missouri Recorder of Deeds office.

18. On or about April 19, 2005, Plaintiff and her ex-husband were legally divorced and Plaintiff was awarded the Residence as her separate, non-marital property.

19. Plaintiff's ex-husband has never been an owner of record of the Residence nor has he ever lived at the Residence or been subject to any indebtedness securing any interest in the Residence.

20. On or about December 21, 2006, Plaintiff signed a Note and Deed of Trust in order to secure a loan on the Residence in favor of DAS Acquisition. The Deed of Trust was duly recorded on or about January 25, 2007.

21. Sometime after January 25, 2007, the Note and Deed of Trust was consigned, placed or otherwise transferred to JP Morgan Chase.

22. Plaintiff's ex-husband was never placed on the Note, co-signed, applied for credit, appeared on the Deed of Trust, or became beholden to the mortgage lender in any way.

23. Sometime prior to May 28, 2014, Plaintiff defaulted on her Note and Deed of Trust and JP Morgan Chase turned over the defaulted debt to Defendant for collection as well as to enforce its security interest in the Residence.

24. On or about May 28, 2014, Defendant addressed a letter titled "Notice of Trustee's Sale" to Plaintiff's ex-husband, a Third Party, at Plaintiff's Residence at which he has never lived informing him that Plaintiff was "in default of payment for the mortgage on the property and since the payments are presently more than one month in arrears, the legal holder of the Note has exercised the option of declaring the remainder of the debt to be due and payable, as provided in the Deed of Trust." A copy of the letter is attached hereto as Exhibit 1.

25. Defendant went on to inform a Third Party that the Residence would be sold at a foreclosure sale on June 27, 2014 at 11:10 am at the Troy Court House.

26. Plaintiff resided at the location until May 31, 2014, separate from her ex-husband.

27. These attempts by Defendant to collect the debt by notifying a Third Party were violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 USC 1692c(B), 1692d, 1692d(3), 1692e, 1692e(10) and 1692f amongst others.

*Summary*

28. The above-described collection communication, made to a Third Party without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction, by Defendant was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

29. The above-detailed conduct by Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by knowingly and deliberately attempting to communicate with an unauthorized Third Party.

30. Plaintiff has suffered actual damages as a result of Defendant's illegal collection communication in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

31. Defendants attempt to collect this debt from Plaintiff's ex-husband, a person whom did not owe this debt, was an invasion of Plaintiff's privacy and her right to be left alone.

## TRIAL BY JURY

32. Plaintiff Griesenaur is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq**.

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

35. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

36. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

37. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

38. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

39. Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by knowingly and unlawfully attempting to collect a debt from an unauthorized Third Party and thereby invaded Plaintiff's privacy.

40. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by knowingly and unlawfully attempting to contact third parties about this debt, and thereby invaded Plaintiff's right to financial privacy.

41. Defendant intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

42. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

43. The conduct of Defendant, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in an intrusion and invasion of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

44. As a result of such intrusion and invasion of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff;

Respectfully submitted,

**CASTLE LAW OFFICE OF ST. LOUIS, P.C.**

By:/s/James R. Brown_____
James R. Brown, 42100MO
500 N. Broadway, Suite 1400
St. Louis, MO 63102
(314) 446-4662
(314) 241-7889 – fax
edmo@castlelaw.net
Attorney for Plaintiff