UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Debra Griesenauer, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 4:14-cv-1391 |
| v. | ) |
| | ) |
| Millsap and Singer, P.C. | ) |
| | ) |
| Defendants. | ) |

### MILLSAP & SINGER, P.C.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW, Defendant Millsap and Singer, P.C. (Millsap) through its counsel of record, Charles S. Pullium, III, and moves that this Court dismiss the Plaintiff's First Amended Petition with prejudice. In support of this Motion, the Defendant states the following:

1. The Plaintiff has filed a two count Petition alleging violations of 15 U.S.C. § 1692b of the Fair Debt Collections Practices Act. (FDCPA or Act) and a second count for Invasion of Privacy by Intrusion upon Seclusion and by Revelation of Private Financial Facts to Third Party.

2. The Plaintiff fails to state any cause of action against the Defendant as set out in the Defendant's attached Memorandum of Law. The Plaintiff's Petition should therefore be dismissed in accordance with Fed. R. Civ. P. 12(b)(6).

3. Count I of the Plaintiff's Complaint alleges that Millsap violated the Fair Debt Collection Practices Act by communicating with a third party, namely her ex-husband. Plaintiff alleges that a Notice of Sale addressed to the ex-husband and sent to the Property, at which Plaintiff was the exclusive occupant, constituted an attempt to collect a debt.

4. With one exception discussed in the attached Memorandum of Law, Millsap is not a debt collector as defined by the Act and therefore the Act does not apply. *See Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057 (7th Cir. 2000). The key is that debt collection must be the principal purpose of the business. Collecting a debt in the course of doing business does not qualify. *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204 (9th Cir. 2013).

5. Further, this district has already ruled earlier this year that a trustee acting to foreclose on a deed of trust is not acting to collect a debt, such that the FDCPA is inapplicable. *Dillon v. Chase Home Fin., LLC*, 2104 U.S. Dist. LEXIS 14566, 2014 WL 466212 (E.D. Mo. Feb. 4, 2014).

6. Plaintiff attempts to circumvent the fact that Millsap is not a debt collector in this instance by pointing to Millsap & Singer, LLC's representation of Plaintiff's lender in the Plaintiff's various foreclosure proceedings to file a proof of claim on behalf of the lender. In that capacity, Millsap was not seeking to collect a debt, but was acting as an attorney, to prove up its client's claims pursuant to the relevant bankruptcy laws. However, the acts complained of by Plaintiff all arise out of Millsap's actions as successor trustee under Plaintiff's Deed of Trust. As such, Millsap's actions were taken in the enforcement of a security instrument, and not to collect a debt. Furthermore, Plaintiff's allegations regarding the filing of proof of claims relate to actions taken by Millsap & Singer, LLC, and not the successor trustee, Millsap & Singer, P.C. which is the Defendant herein. Neither are the bankruptcy filings cited by Plaintiff relevant or material in that they are conclusory allegations and relate to entirely unrelated borrowers and matters.

7. Even if Millsap were a debt collector under the Act, the Plaintiff has not pleaded facts sufficient to show that Millsap was actively trying to collect a debt. *See Neff v. Capital*

*Acquisitions & Management Co.*, 352 F.3d 1118 (7th Cir. 2003). The FDCPA required notice on its letter notwithstanding. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, fn3. (7th Cir. 2010). *Citing, Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 400 (6th Cir.1998). (The mere fact that a creditor's communication states that it, "is an attempt to collect a debt" as required by the FDCPA, does not transform the letter into an unlawful demand for payment.)

8.  Within the FDCPA, there is an exemption from the definition of "debt collector" for officers and employees of the creditor. 38 Mo. Prac., *Missouri Foreclosure Manual* § 2:4 (2014). Because a trustee acts as a fiduciary to both the debtor and creditor, *Hanson v. Neal*, 215 Mo. 256, 114 S.W. 1073 (1908); *see also* 38 Mo. Prac., *Missouri Foreclosure Manual* §§ 2:3, 4:10 n.14, and 4:30 (2014), he is exempted from the Act.

9.  The Notice of Sale that forms the basis for the Plaintiff's Complaint contains publicly available information and is required by law.

10. As the notices that were sent are required to be sent by law, and contain information that is publically available. The Notice of Sale of which Plaintiff complains fails to plead or prove a cause of action for invasion of privacy.

11. Likewise, Plaintiff fails to plead and prove any receipt by her ex-husband of the notice of foreclosure sale. Rather, her First Amended Complaint proves the contrary in that the letter, attached to the Amended Petition as an exhibit, is addressed to the property address at which address Plaintiff admits she was the occupant, "separate from her ex-husband." *See* First Amended Petition at ¶ 26 and said Petition's Exhibit 1.

12. Further, Plaintiff previously filed for bankruptcy relief. In that proceeding a Motion for Relief of Stay was filed, to which Motion the Plaintiff consented. This Motion for Relief set out Plaintiff's default, to which Plaintiff admitted, including the amount of default, by

her consent to said Motion. Said bankruptcy pleadings, being part of the public record, where thereby publically disclosed to the world by Plaintiff's own actions.

13. As pointed out in Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss, Plaintiff's application of the FDCPA is unconstitutional as it would constitute a violation of the 10th Amendment of the United States Constitution.

14. The Defendant files contemporaneously with this Motion and incorporates herein by reference its Memorandum of Law in Support of this Motion To Dismiss.

**WHEREFORE** Defendant Millsap & Singer, P.C. prays this Court enter an Order dismissing the Plaintiff's Petition with prejudice, and award Millsap its costs incurred herein, including reasonable attorney's fees, and for such other relief as this Court deems proper.

**MILLSAP & SINGER, LLC**

By: /s/ Charles. S, Pullium, III_____
Charles S. Pullium, III, #46807
612 Spirit Drive
St. Louis, MO 63005
Phone: (636) 530-5126
Fax: (636) 537-0067
CPullium@msfirm.com
**Attorney for Millsap & Singer, P.C.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies on the 9th day of October, 2014 a true and correct copy of the foregoing was served via the Court's CM/ECF system, which sent notification to all parties, entitled to service.

/s/ Charles. S, Pullium, III_____