**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|                              |   |                        |
|------------------------------|---|------------------------|
| DEBRA GRIESENAUER,           | ) |                        |
|                              | ) |                        |
| Plaintiff,                   | ) | No. 4:14-CV-1391 RLW   |
|                              | ) |                        |
| v.                           | ) |                        |
|                              | ) |                        |
| MILLSAP AND SINGER, P.C.,    | ) |                        |
|                              | ) |                        |
| Defendant.                   | ) |                        |

## MEMORANDUM AND ORDER

This matter is before the court on Millsap & Singer, P.C.'s Motion to Dismiss Plaintiff's

First Amended Petition (ECF No. 13). This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

On April 5, 2005, Plaintiff Debra Griesenauer, then a married person, was the recipient of

a General Warranty Deed executed by Troy M. Brown and Donna M. Brown, as husband and

wife, to "Debra L. Griesenauer, A MARRIED PERSON". The Deed conveyed the property

located at 565 McIntosh Hill Road, Foley, MO 63347 ("Property") to the Plaintiff.[2] On the same

day the General Warranty Deed was executed, Plaintiff separated from her husband and moved

---

[1] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] This public instrument is reviewable by this Court on a motion to dismiss. *Stahl v. City of St. Louis, Mo.*, 687 F.3d 1038, 1039-40 (8th Cir. 2012) (citing *Mulvenon v. Greenwood*, 643 F.3d 653, 656 (8th Cir. 2011) ("In addressing a motion to dismiss, we may consider 'the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.'")).

into the residence at 565 McIntosh Hill Road. (First Amended Complaint ("Complaint" or "Compl."), ¶¶15-16). On April 19, 2006, Plaintiff and her ex-husband, Gregory Griesenauer, were divorced. (Compl., ¶18). Plaintiff was awarded the Property as her separate, non-martial property. (Compl.,¶18). Plaintiff's ex-husband has never been an owner of record of the Property, has never lived at the Property, and has never been subject to any indebtedness securing any interest in the Property. (Compl., ¶19). On or about December 21, 2006, Plaintiff signed a Note and Deed of Trust as A SINGLE PERSON to secure a loan on the Property in favor of DAS Acquisition. (Compl., ¶¶5, 20). Sometime after January 25, 2007, DAS Acquisition indorsed the Note over to JPMorgan Chase Bank. (Compl., ¶21). Prior to May 28, 2014, Plaintiff defaulted on her Note and Deed of Trust and JPMorgan Chase turned the defaulted debt to Defendant to enforce its security interest in the Property. (Compl., ¶23).

On or about May 28, 2014, Defendant sent a foreclosure letter addressed to Plaintiff's ex-husband regarding Plaintiff's default on her mortgage payments and pending foreclosure sale. (Compl., ¶24). Defendant also informed a "Third Party" that the Property would be sold at a foreclosure sale on June 27, 2014 at 11:10 a.m. at the Troy Court House. (Compl., ¶25). Plaintiff resided at the Property until May 31, 2014, separate from her ex-husband. (Compl., ¶26). Plaintiff alleges that this attempt to communicate with her ex-husband was a prohibited communication with third parties under 15 U.S.C. §1692c(B), 1692d, 1692d(3), 1692e, 1692e(10), 1692f. (Compl., ¶27).

In its First Amended Complaint, Plaintiff alleged the following causes of action: Violations of the Fair Debt Collection Practices Act ("FDCPA") (Count I), Invasion of Privacy by Intrusion Upon Seclusion and by Revelation of Private Financial Facts to Third Party (Count II).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

### I. FDCPA

"The FDCPA was enacted 'to eliminate abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 913 (8th Cir. 2014) (citing 15 U.S.C. § 1692(e)). Under 15 U.S.C. §1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the

collection of any debt." The FDCPA further precludes communications with third parties unless the creditor receives the express permission of the debtor or the Court:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. §1692c(b).

Plaintiff alleges that Defendant violated the FDCPA by sending a "Notice of Trustee's Sale" to her own address but to the attention of her ex-husband. Plaintiff argues in her briefing, "[t]he fact that Plaintiff's ex-husband never actually received the illegal communication is irrelevant." (ECF No. 18 at 14). However, the Court finds that the actual recipient of the information is relevant to her claims. Here, Plaintiff does not allege that her ex-husband received the communication from Defendant. Rather, the recipient of Defendant's statement was Plaintiff. For that basis alone, the Court does not believe that Plaintiff states a claim under the FDCPA because it is undisputed that Plaintiff's ex-husband never received Defendant's "Notice of Trustee's Sale." Moreover, Defendant never communicated any false, deceptive or misleading financial information because Plaintiff, the true recipient of the communication, could not have been misled by any information. *See McIvor*, 773 F.3d at 913 (noting that "the recipient of Credit Control's statement was TransUnion, not a consumer" and determining that TransUnion could not have been "misled, deceived, or duped" by the communication).

Further, the Court finds that Plaintiff does not state a claim because Defendant's communication was not "in connection with the collection of any debt." Plaintiff, relying on authority from other circuits, maintains that mortgage foreclosure activity is debt collection to

which the FDCPA applies. (ECF No. 18 at 4 (citing *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013); *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006); *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1218 (11th Cir. 2012)).

The Eighth Circuit, however, recently held that "'for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor.'" *McIvor*, 773 F.3d at 914 (quoting *Grden v. Leikin Ingber & Winters PC,* 643 F.3d 169, 173 (6th Cir. 2011)). Here, Defendant Millsap & Singer, P.C. was acting as successive trustee and not as a debt collector.[3] The Court holds that Defendant was acting to enforce a security instrument, *i.e.*, Plaintiff's Deed of Trust, and was not acting as a debt collector as defined under the FDCPA. *See also Dillon v. Chase Home Fin., LLC*, No. 4:12CV817 HEA, 2014 WL 466212, at *3 (E.D. Mo. Feb. 5, 2014) (citing *Warren v. Countrywide Home Loans, Inc.,* 342 F.App'x 458, 460 (11th Cir. 2009) ("'The plain language of the FDCPA supports the ... conclusion that foreclosing on a security interest is not debt collection activity for purposes of § 1692g. *See id.* § 1692a(6). Indeed, the statute specifically says that a person in the business of enforcing security interests is a "debt collector" for the purposes of § 1692f(6), which reasonably suggests that such a person is not a debt collector for purposes of the other sections of the Act.'"). Therefore, the Court, in keeping with other precedent from this circuit, holds that a trustee foreclosing on a deed of trust is not a debt collector under the FDCPA. Therefore, the Court dismisses Plaintiff's FDCPA claim.

---

[3] Plaintiff alleges that Defendant is a debt "collection law firm" but that apparently refers to Millsap & Singer, LLC, a separate entity. *See* ECF No. 14 at 5.

**II.    Invasion of Privacy by Intrusion Upon Seclusion and by Revelation of Private Financial Facts to Third Party**

Plaintiff alleges subject matter jurisdiction under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for the state law claims.  This Court has dismissed Plaintiff's FDCPA claim.  Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's invasion of privacy claim pursuant to 28 U.S.C. §1367 and dismisses that claim without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Millsap & Singer, P.C.'s Motion to Dismiss Plaintiff's First Amended Petition (ECF No. 13) is **GRANTED**.  Count I of Plaintiff's Complaint is **DISMISSED** with prejudice and Count II of Plaintiff's Complaint is **DISMISSED** without prejudice.  An appropriate Judgment is filed herewith.

Dated this 4th day of May, 2015.

Ronnie L. White
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**